[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR CONTEMPT BY CITATION (No. 136.00)
This case came to this court on a contempt citation dated September 9, 1991, being pleading number 136.00. The court heard the parties and their evidence. The court considered all the relevant statutory criteria, including Connecticut General Statutes 46b-87.
The husband, based on the evidence, was totally unhappy with the decision of Judge Driscoll dated June 12, 1991. He did everything he could it appears to avoid the ultimate orders of the judge which were that the husband pay the wife CT Page 2405 substantial monies.
It is clear to this court that Judge Driscoll's December 4, 1991, decision on the motion for clarification lays out very precisely the actions of the husband. (Copy of said memorandum is attached hereto and incorporated into this decision.)
It appears clear to this court that from the beginning the position of the husband was that he could not withdraw from the pension. The court, Driscoll, J., said that she did not care how he came up with the money as long as he came up with it. (See memorandum attached hereto.) Judge Driscoll, who had lived with this case for a substantial period of time, felt that the husband "appears to obstruct the implementation of the court's decision and a reiteration of previously decided claims, it is indeed frivolous." The court then ordered $300.00 in counsel fees.
The husband now seeks to make all the same arguments to a new judge. This tactic will not work. This man should have appealed the decision of Judge Driscoll if he felt her decision was wrong in law or in fact.
This court finds the husband in willful violation of court orders. The court makes the following orders:
1. The husband is to pay the $98,341.00 as ordered by Judge Driscoll plus interest at the rate of $21.55 per day from July 12, 1991, through the present (see calculation of amounts due filed by the wife dated January 2, 1992.
2. Said payment to be made within ten (10) days of the date of this decision.
3. The husband is to pay the wife $69,230.00 as ordered by Judge Driscoll on July 17, 1991, and based on the wife's election of August 3, 1991. Said sum to be paid together with interest from August 3, 1991, through the present at $15.17 per day (see calculation of amounts due filed by the wife January 2, 1992). Said payment to be made within ten (10) days of the date of this decision.
4. Paragraph 10, page 14 of the June 12, 1991, decision of Judge Driscoll ordered the husband to have the option to pay the wife $82,500.00 representing her one half interest in the house in cash, by way of mortgage or by selling the property and dividing the proceeds. The husband elected to give the wife a mortgage but has not done so. The property is hereby ordered sold and the wife is to get one half of CT Page 2406 the net proceeds as defined in paragraph c on page 14 of said decision.
5. In addition, the husband is ordered to pay the wife as a contribution towards her attorney's fees the sum of $7,500.00 for the expenses incurred post judgment and for the contempt. Also, the husband is to pay the $300.00 ordered by Judge Driscoll on December 4, 1991, for a total of attorney's fees of $7,800.00. Said amount to be paid within ten (10) days of the date of this decision.
6. Costs of this action are awarded for sheriff's fees in the sum of $54.80 to be paid within ten (10) days of the date of this decision.
7. All other claims for relief cited in the wife's contempt and her calculation of amounts due are denied.
This court recognizes that the husband was to pay the wife $25,000.00 by January 14, 1992, and that the husband was to receive the proceeds from U.T.C. on or about February 12, 1992. The court contemplates that those amounts have been paid already but has not deducted those payments from these orders. They should be deducted, accordingly, from the amounts due.
An immediate wage execution may enter.
This case is continued for monitoring until thirty (30) days from the date of this decision. At that time, this court will review its orders to determine compliance.
EDWARD R. KARAZIN, JR., JUDGE